ENOCH LEONARD vs. REUBEN SMITH.

When parol evidence is admitted, which is admissible only for the purpose of proving fraud in a written agreement, it cannot legally be used to control or vary the terms of such agreement.

When jurors are instructed to find a verdict for the plaintiff, if the evidence in the case proves either of two facts, one of which is not legally proveable by the evidence, and the jury find for the plaintiff, their verdict will be set aside and a new trial granted.

THIS was an action of trespass, brought by the assignee of Curtis S. Chapin, an insolvent debtor, to recover damages for the taking and carrying away of goods.

At the trial in the court of common pleas, before Colby, J. the plaintiff introduced evidence that the defendant had taken and carried away a part of the goods mentioned in the writ. The defendant claimed the goods under two mortgages made to him by said Chapin. The first mortgage, conveying part of the goods, was executed on the 11th of August 1842, to secure a note for $400, dated November 10th 1841 ; the other, conveying the rest of the goods in question, was executed on the 23d of February 1843, to secure two notes, viz. one for $850, dated November 10th 1841, and the other for $4500, dated November 26th 1842.

The following facts appeared in evidence : That the defendant, on the 10th of November 1841, conveyed to said Chapin a farm in West Springfield, valued at about $3000, for which he received, as a consideration, a conveyance of said Chapin's real estate in Springfield, valued at $600, and also the two notes, mentioned in the aforesaid mortgages, to wit, for $400 and for $850, and also a note of the same date

Leonard *v.* Smith.

for $1700; and that Chapin, on the same 10th of November, executed a mortgage to the defendant of said farm in West Springfield, to secure payment of those three notes : That, on the 28th of September 1843, no part of the consideration for said farm had been paid by Chapin, except the conveyance of his said real estate in Springfield ; and that he, on that day, reconveyed said farm in West Springfield to the defendant, by deed of quitclaim : That said mortgages of goods, and said notes, were retained by the defendant, who, at the same time, delivered to Chapin a writing, part of which was as follows : " Whereas Curtis S. Chapin has this day given me a deed of the farm that I sold to him, which he mortgaged to me, I agree that when I sell the said farm, if I get more for it than he shall owe to me the first of next April, I will give him all that I get for it more than what he will owe me the first of said April ; and for what I get for any thing that he has mortgaged to me, such as wood, timber, grain, and indeed every thing else, I will indorse on his notes, after deducting a reasonable sum for my trouble and expense in taking care and in disposing of said property. Reuben Smith."

The plaintiff called Chapin as a witness, and he testified that he did not agree to any of the terms contained in the aforesaid writing.

The plaintiff offered parol evidence tending to show that at the time when said quitclaim deed was executed, the said notes were thereby paid, and that it was so understood by the parties, and that the defendant's claim under the mortgages was thereby extinguished. The defendant objected to this evidence, because the contract of the parties was in writing, and could not be varied or explained by parol evidence, except by impeaching it on the ground of fraud. The plaintiff contended that a fraud had been practised on Chapin by the defendant. The judge ruled that the evidence was admissible ; and the question of fraud was submitted to the jury.

The judge charged the jury, " that if it was agreed between the defendant and Chapin, when the deed of quitclaim and

writing abovementioned were made, that the notes should be thereby paid, then the mortgages of the goods ceased to be of any legal effect; or if the defendant so conducted himself, fraudulently and designedly, as to induce him to believe that the notes were thereby paid, then the plaintiff should prevail."

A verdict was returned for the plaintiff, and the defendant alleged exceptions to the ruling and instructions.

*Boise & Leonard,* for the defendant.

*Ashmun,* for the plaintiff.

HUBBARD, J. The judge's charge in this case was in the alternative; first, as to the agreement between the parties, and secondly, as to the alleged fraud practised upon Chapin.

The evidence, by which the agreement was attempted to be proved, was by parol, and was contradictory to the written contract between them; and proof of such an agreement was clearly inadmissible. The instruction, therefore, founded upon that evidence, which was admitted for the purpose of proving fraud on the part of the defendant, "that if it was agreed between the defendant and Chapin, when the deed of quitclaim and writing were made, that the notes should be thereby paid, then the mortgages of the goods ceased to have any legal effect," was erroneous; as it authorized the jury to find, upon the parol evidence, an agreement between the parties, (contrary to the written contract,) that the notes and mortgages were paid. The jury may have been misled, by this charge, to find their verdict upon the evidence of the parol agreement, and not on any proof of fraud on the part of the defendant.

Testimony admitted for a specific and limited purpose, to prove a particular fact or facts, cannot be legitimately used to prove another fact not legally proveable by such testimony. If such a practice were allowed, testimony would be thrust into a cause with one open, avowed object, but with the secret purpose of applying it to another; and by reason of it, not only the rules of law, but the ends of justice, would be perverted.

As we cannot tell upon which alternative of the charge the

iury found their verdict, we are of opinion that it cannot be supported.

*New trial granted.*